

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS

~~WILLIAMSON~~

ATTORNEY GENERAL

Honorable W.P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. 0-6459
Re: Construction of Article 1636---
Duty of Commissioners to count
cash in County Depository and
related questions.

We have your request for an opinion on the above matter, said request being as follows:

"Each month the County Treasurer makes a report to the Commissioners' Court, filing same with me as County Auditor. With the Treasurer's report of Receipts, Disbursements, and balances, is included the bank statement, issued by Citizens State Bank, County Depository. I, as Auditor, reconcile said bank statement with the Treasurer's Report, and then in turn reconcile the Treasurer's report with my records. I then attach to the Treasurer's report a detailed explanation and analysis of these reconciliations, showing my balances, reconciled with Treasurer's balance, and in turn reconciled with the Bank Statement of County Depository. County Treasurer submits her report to the Commissioners Court, through me, under affidavit, that same is correct, and I, in turn certify to the Court that same is correct.

"However, at the regular meeting in February, County Judge refused to approve said reports because Commissioner's Court had not complied with Article 1636 R.C.S. which follows:

"'Art. 1636. TO INSPECT TREASURER'S ACCOUNTS. --When the Commissioners' court has compared and examined the quarterly report of the treasurer, and found the same correct, it shall cause an order to be entered upon the minutes of the court, stating the approval thereof, and reciting sepa-

rately the amount received and paid out of each fund by the treasurer since the preceding treasurer's quarterly report, and the balance of such fund, if any, remaining in the treasurer's hands and the court shall cause the proper credit to be made in the accounts of the treasurer, in accordance with said order. Said court shall actually inspect and count all the actual cash and assets in the hands of the treasurer belonging to the county at the time of the examination of his said report. Prior to the adjournment of each regular term of the court, the county judge and each commissioner shall make affidavit that the requirements of this article have been in all things fully complied with by them at said term of said court and that the cash and other assets mentioned in said county treasurer's quarterly report made, by said treasurer to said court, and held by him for the county, have been fully inspected and counted by them giving the amount of said money and other assets in his hands. Such affidavits shall be filed with the county clerk and recorded in the minutes of said court the term at which the same were filed; and the same shall be published in some newspaper published in the county, if there be a newspaper published in the county, for one time.'

"Since neither County Judge nor County Auditor is an attorney, we need an interpretation regarding this statute.

"From the practical standpoint, the amount of cash on hand in The Citizens State Bank, County Depository, is far less than the $100,000 as shown on Depository statement, since this amount far exceeds the cash reserve requirements for a bank of this size.

"Therefore, my questions are the following:

"1. Is Commissioners Court required to actually count cash in County depository, before approving Treasurer's or Auditor's reports?

"2. Is depository statement-- i.e. bank statement-- issued by such depository bank sufficient evidence to justify Commissioners' Court in approving said reports on the basis of such statement, or can said statement be used in lieu of actually counting cash?

"3. My third question arises from the refusal
of Commissioner's Court to either approve or re-
ject County Treasurer's or County Auditor's  re-
port.

"This refusal is equivalent to an implication
that 'our house is not in order'.  Just what steps
do I, as Auditor, have the authority to take in
demanding some action on this matter by Commission-
ers Court?

"If possible, I shall greatly appreciate your
opinion on these matters before our next Commis-
sioners Court meeting on March 12, 1945.

". . . . . . ."

Article 1636 of Vernon's Annotated Civil Statutes, to
which you refer, was passed in 1897.  Under the County Deposi-
tory Law, Title 47, Chapter 2, Articles 2544--2558, Vernon's
Annotated Civil Statutes, which was  passed in 1905 and which
has been amended at various times since it was originally
passed, it is made the duty of the County Treasurer, immediate-
ly upon the selection of a County Depository, to transfer to
said Depository all of the funds belonging to the county, and
the bond of such County Depository shall stand as security for
all such funds.  Since the passage of said County Depository
Law, the provisions of Article 1636 requiring the Commissioners'
Court to actually inspect and count all of the actual cash and
assets in the hands of the County Treasurer belonging to the
county is no longer in effect, therefore, your first question
is answered in the negative.

Article 2554 of Vernon's Annotated Civil Statutes re-
quires the County Depository to make to the Commissioners'
Court monthly statements at each regular term of said court
showing the daily balances to the credit of each of the funds
on deposit.  Accordingly, it is our opinion, in answer to
your second question, that the Commissioners' Court is author-
ized to consider the bank's statements issued by the Deposi-
tory Bank as evidence upon which to base its action in approv-
ing the County Treasurer's and County Auditor's reports as to
the cash on hand, but, whether or not such statements would
be sufficient evidence in themselves to justify the approval
of such reports in all respects, we are not able to say as
such statements might not reflect all the information necessary
for the court to pass on all maters covered by said reports.

We understand from your request that the Commissioners'
Court refused to approve the County Treasurer's and County

Auditor's reports because they had not actually inspected and counted all of the actual cash and assets in the hands of the County Treasurer belonging to the county. Therefore, we do not answer your third question, since the Commissioners' Court will likely now be willing to pass upon said reports.

Trusting that this satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:mp:wc

APPROVED MAR 20, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman